UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIDER ROGNIRHAR, a.k.a. JONATHAN A. PICOLLO,<br><br>             Plaintiff,<br><br>   vs.<br><br>N. GRANNIS, et al.,<br><br>            Defendants. | NO. CV-08-892-LRS<br><br>ORDER DISMISSING COMPLAINT WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |

BEFORE THE COURT is Plaintiff's Application to Proceed In Forma Pauperis, **Ct. Rec. 3**, which is **GRANTED** herein. Also before the Court is Plaintiff's Complaint Under the Civil Rights Act, **Ct. Rec. 1**, filed April 28, 2008.[1] After review of the document, and for the reasons set forth below, the Court finds it is constrained to dismiss the Complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff alleges facts stating he was deprived of his civil rights because he was not allowed to grow his facial hair more than ½

---

[1] This case was transferred from the Norther District of California. The Complaint was signed by Plaintiff on November 16, 2007.

ORDER DISMISSING COMPLAINT WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED - 1

inch from his face, in violation of 42 U.S.C. §1983 and RLUIPA.[2] Although he pursued an appeal at each level of review, it was denied.

Plaintiff states he has complied with the Inmate Grooming Standards to avoid progressive discipline. Plaintiff, however, requests that the Defendants be enjoined from subjecting Plaintiff to any form of discipline for growing facial hair according to his faith. Plaintiff states his faith is "Heathen" and his religious beliefs forbid him from cutting his hair. See Complaint at 6.

The Court finds that Plaintiff's complaint is frivolous and fails to state a claim for which relief may be granted. Once a complaint is filed in forma pauperis, it must be dismissed prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from defendants who are immune from suit. See 28 U.S.C. §1915(e)(2); *see also Franklin v. Murphy*, 745 F.2d 1221, 1226-27 (9th Cir.1984).

Further, this Court finds that it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987) (dismissal for failure to state a claim).

Accordingly, **IT IS ORDERED** the Complaint is **DISMISSED with prejudice.**

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be

---

[2] Plaintiff appears to be referring to the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

ORDER DISMISSING COMPLAINT WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED - 2

precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). **Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915. This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.**

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, forward a copy to Plaintiff at his last known address, enter judgment, and close the file.

**DATED** this 27th day of February, 2009.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER DISMISSING COMPLAINT WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED - 3