UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIDER ROGNIRHAR, a.k.a. JONATHAN A. PICOLLO,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>N. GRANNIS and MATTHEW CATE,<br><br>　　　　Defendants. | NO.　CV-08-892-LRS<br><br>ORDER DIRECTING AMENDMENT OF COMPLAINT PURSUANT TO THE MANDATE |

　　Pursuant to the Mandate of the Ninth Circuit Court of Appeals filed and entered on January 18, 2012 (ECF No. 16), the captioned matter has been remanded to this court for further proceedings, which necessitates plaintiff to amend his Complaint against defendants Grannis and Cate to state a Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim upon which relief may be granted.  The Ninth Circuit Mandate further states that should California promulgate its proposed amendment to § 3062(h) after the case is returned to the district court, the district court will then determine whether the new provision does, in fact, moot the case.

　　Rognirhar's Complaint alleged that defendants violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the First Amendment by refusing to grant him a religious exemption

ORDER - 1

from California's prison grooming regulation, which prohibits inmates from maintaining facial hair that extends more than one-half inch outward from the face. See Cal. Code Regs. tit 15, § 3062(h). This Court notes, however, that subsections (a)-(c) and (e)-(h) of § 3062 were amended, effective on January 21, 2012. Therefore, in addition to amending his Compliant, Mr. Rognirhar shall explain why his RLUIPA claim is not moot against Defendants N. Grannis and Cate in light of the recent amendments to § 3062. The Ninth Circuit additionally found that Rognirhar's claims against S.R. Moore and R. Russell were moot.

**OPPORTUNITY TO AMEND OR VOLUNTARILY DISMISS COMPLAINT**

Unless it is absolutely clear that amendment would be futile, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). Plaintiff may submit an amended complaint within sixty (60) days of the date of this Order which includes sufficient facts to establish federal subject-matter jurisdiction. *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citations omitted).

Plaintiff's amended complaint shall consist of a short and plain statement showing he is entitled to relief. Plaintiff shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights,

(2) the dates on which the conduct of each Defendant allegedly took place, and

ORDER - 2

(3)  the specific conduct or action Plaintiff alleges is unconstitutional.

Furthermore, Plaintiff shall set forth his factual allegations in separate numbered paragraphs.  THIS AMENDED COMPLAINT WILL OPERATE AS A COMPLETE SUBSTITUTE FOR (RATHER THAN A MERE SUPPLEMENT TO) THE PRESENT COMPLAINT.  Plaintiff shall present his complaint on the form provided by the court as required by the Local Rules for the Eastern District of California.  The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and IT MUST BE CLEARLY LABELED THE "FIRST AMENDED COMPLAINT" and cause number CV-08-0892-LRS must be written in the caption. Additionally, Plaintiff must submit a copy of the "First Amended Complaint" for service on each named Defendant, and a copy for service on the State Attorney General.

PLAINTIFF IS CAUTIONED IF HE FAILS TO AMEND WITHIN 60 DAYS AS DIRECTED, THE COURT WILL DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner, who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

If Plaintiff chooses to amend his complaint and the court finds the amended complaint is frivolous, malicious, or fails to state a

ORDER - 3

claim, the amended complaint will be dismissed pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2). Such a dismissal would count as one of the dismissals under 28 U.S.C. § 1915(g).

Alternatively, the court will permit Plaintiff to voluntarily dismiss his Complaint pursuant to Rule 41(a), Federal Rules of Civil Procedure. Plaintiff may submit the attached Motion to Voluntarily Dismiss the Complaint within sixty (60) days of the date of this Order or risk dismissal under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2), and a "strike" under 28 U.S.C. § 1915(g). A voluntary dismissal within this 60 day period will not count as a strike.

Plaintiff is still obligated to pay the full filing fee of $150.00. However, if Plaintiff elects to take a voluntary dismissal within the 60 day period, Plaintiff may simultaneously file a separate Affidavit and Motion to waive collection of the remaining balance of the filing fee in this action. The court will grant such a motion only for good cause shown. In no event will prior partial payments be refunded to Plaintiff.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and forward a copy to Plaintiff **with a civil rights complaint** form. Pursuant to the Mandate, Defendants S.R. Moore and R. Russell are dismissed. ECF No. 16 at 3.

**DATED** this   13th   day of March, 2012.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 4