UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

STRIDER ROGNIRHAR,

               Plaintiff,

    vs.

D. FOSTON, et al.,

               Defendants.

NO.  CV-08-892-LRS

ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

**BEFORE THE COURT** is Defendant D. Foston and D. Van Leer's Motion to Dismiss, **ECF No. 3,** filed on July 8, 2013, which motion Defendant Cate joined by Notice of Joinder (ECF No. 40) on August 9, 2013. Plaintiff has opposed the motion to dismiss (ECF No. 37) filed on July 31, 2013.

**I.   Plaintiff's Allegations and Relief Requested**

Plaintiff makes the following allegations in his first amended complaint ("FAC"):

1. On or around December 16, 2006, Plaintiff was returned to CDCR from Nebraska and was subjected to grooming standards previously set forth at 15 CCR 3062. (FAC at ¶ 12)

2. Plaintiff is an adherent of the Heidinn faith commonly referred to as Asatru or Odinism.  A central part of Plaintiff's religious belief is that he maintains a beard uncut and not cut the

ORDER DISMISSING FIRST AMENDED COMPLAINT - 1

hair on his head. There is no central authority in Plaintiff's
religion. (FAC at ¶ 12)

3. In 2006, Plaintiff filed a 602 Appeal requesting exemption
from the grooming regulation on religious grounds and the appeal was
denied. (FAC at ¶¶ 14 and 15)

4. Plaintiff made requests for religious exemptions while housed
at Salinas Valley State Prison (SVSP), Sierra Conservation Center
(SCC) and Correctional Training Facility (CTF) and all were denied.
(FAC at ¶ 16)

5. Plaintiff discovered that other inmates were receiving the
exemption he had requested and that he was being treated dissimilar to
other inmates similarly situated. (FAC at ¶ 17)

6. Between December 21, 2006 and June 8, 2011, Plaintiff was
denied an exemption even though Jewish and Muslim inmates received an
exemption. (FAC at ¶ 18)

7. On December 8, 2010, Defendants Foston and Vanleer denied
Plaintiff's request for an exemption. (FAC at ¶ 19)

8. On May 5, 2011, Plaintiff's grievance was rejected and he was
forced to alter his religious practices under threat of progressive
discipline pursuant to 15 CCR § 3062. (FAC at ¶¶
24 and 25)

Plaintiff requested the following relief: (1) declaratory
judgment that Defendants' actions violate RLUIPA, the Equal Protection
Clause of the U.S. Constitution, and the rights protected by Cal. P.C.
§ 2600; (2) declaratory judgment that Defendants' actions constitute
"course of conduct" as defined by 15 CCR § 3000 which purpose was to

ORDER DISMISSING FIRST AMENDED COMPLAINT - 2

deprive Plaintiff of equal treatment on the basis of his religious beliefs and that Defendants knew or reasonably should have known of the illegality of their behavior; and (3) nominal damages in the amount of $5.00/day for each day that the violations occurred.

## II.  Brief Procedural Background

Pursuant to the Mandate of the Ninth Circuit entered January 18, 2012 (ECF No. 16), this court entered an Order Directing Amendment of the Complaint pursuant to the Mandate (ECF No. 17), specifically directing Plaintiff to amend his complaint and, should he do so, to explain why his RLUIPA claims are not moot given the amendment to § 3062, Cal. Code Regs. Tit 15. On May 11, 2012, Plaintiff filed his first amended complaint (ECF No. 18) but failed to provide any explanation as to why his RLUIPA claims are not moot. Instead, he amended his complaint to add Defendants Foston and Vanleer, who acted on Plaintiff's most recent request for a religious exemption from the prohibition against growing a long beard set forth in § 3062.

## III. Defendants' Motion to Dismiss

Defendants request the Court to dismiss all claims asserted against them based on the following grounds: (1) § 3062(h) of Title 15 was amended rendering Plaintiff's claims based on that regulation moot; (2) Plaintiff is not entitled to declaratory relief; (3) there is no individual capacity liability under RLUIPA; (4) there is no right to monetary damages under RLUIPA; and (5) Defendants are entitled to qualified immunity.

ORDER DISMISSING FIRST AMENDED COMPLAINT - 3

**A.   Legal Standard**

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citations omitted); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question. *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976).

**B.   Plaintiff's Claims Are Moot**

Defendants begin by noting that the Ninth Circuit expressly mandated that should California promulgate proposed amendments to § 3062(h), upon remand the district court will determine whether the new provision, does, in fact, moot Plaintiff's case.  In this case, Defendants argue, it is clear that the new version of 15 CCR § 3062 does not subject Plaintiff to a limitation on the length of his beard and, consequently, Plaintiff will not be subjected to a rules violation for growing a long beard. The amended grooming regulation for facial hair provides as follows:

> (e) An inmate's hair or facial hair or may be any length but the inmate's hair shall not extend over the eyebrows or cover the inmate's face. The hair and/or facial hair shall not pose a health and safety risk. If hair or facial hair is long, it shall be worn in a neat, plain style, which does not draw undue attention to the inmate.
>
> (h) Facial hair, including beards, mustaches and sideburns are permitted for male inmates and shall be maintained in a manner as defined in this section.  Title 15 CCR §§ 3062(e) and (h) (2013).

ORDER DISMISSING FIRST AMENDED COMPLAINT - 4

The court agrees with Defendants.  There is no longer any need for Plaintiff to obtain an exemption from the grooming standard in order to practice his religion. Accordingly, Plaintiff's claim in this regard is moot.

### C.   Declaratory Relief

Plaintiff seeks declaratory judgment that Defendants' actions violate RLUIPA, the Equal Protection Clause of the U.S. Constitution, and the rights protected by Cal. P.C. § 2600, as well as a declaration that Defendants' actions constitute "course of conduct" as defined by 15 CCR § 3000 which purpose was to deprive Plaintiff of equal treatment on the basis of his religious beliefs and that Defendants knew or reasonably should have known of the illegality of their behavior.  Defendants assert that given the amendment of 15 CCR § 3062(h), declaratory relief as to the enforcement of the earlier version of the regulation will serve no useful purpose by clarifying and settling the parties' legal relations in issue.  This court agrees.

### D.   RLUIPLA Liability and Money Damages

Defendants argue that Plaintiff cannot maintain a cause of action against prison officials in their individual capacities under RLUIPA. While the Ninth Circuit has not yet ruled on that issue, the Supreme Court has declined to review the Fifth Circuit's ruling that there is no individual-capacity liability under RLUIPA.  *Sossamon v. Texas*, 560 F.3d 316, 329-31 (5th Cir. 2009), *cert. granted in part*, 130 S. Ct. 3319 (2010) (reasoning that, as an exercise of Congress's spending-clause authority, RLUIPA cannot authorize damage actions

ORDER DISMISSING FIRST AMENDED COMPLAINT - 5

against private individuals who are not themselves recipients of federal funding.). Other circuits have held similarly. See, e.g., *Nelson v. Miller*, 570 F.3d 868, 885-89 (7th Cir. 2009); and *Smith v. Allen*, 502 F.3d 1255, 1272-73 (11th Cir. 2007).

Plaintiff seeks money damages against the Defendants for alleged violation of RLUIPA. Defendants assert that RLUIPA does not provide for money damages against prison officials, whether sued in their official capacity or individual capacity. *Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1114 (9th Cir.2010). The court hereby dismisses Plaintiff's RLUIPA claim for damages against Defendants in their individual capacities for the foregoing reasons.

**E.   Qualified Immunity**

Defendants assert they are entitled to qualified immunity because even if they violated a constitutional right, the law did not put Defendants on notice that their conduct would be clearly unlawful. The undisputed facts show that Defendants were reasonably following the prior version of Title 15 CCR § 3062 (h) in denying Plaintiff the right to grow a long beard. Under the two-step test in *Saucier v. Katz*, 533 U.S. 194, 202 (2001), Defendants in this action are immune from liability because the law did not put them on notice that their actions would be clearly unlawful. Defendants argue they acted in accordance with a clearly established regulation. The court finds that qualified immunity is applicable to the Defendants in the particular case at hand. Further, Defendants are entitled to qualified immunity based on the fact that they acted in accordance with a regulation that was in force and had not yet been amended or determined to be a

ORDER DISMISSING FIRST AMENDED COMPLAINT - 6

potential infringement of an inmate's ability to practice his religion.

**F.    Exhaustion of Administrative Remedies**

The claims at issue in this litigation are directed at the superseded grooming regulation. Plaintiff shaved his beard to comply with the grooming regulation and thereby allegedly violated the tenants of his religion. Plaintiff filed a grievance based on the old grooming standard, the enforcement of which allegedly interfered with Plaintiff's free exercise of his religion. Plaintiff has not presented any evidence of a grievance following the enforcement of the <u>new</u> grooming regulation. Defendants argue that without a 602 grievance against the enforcement of the new regulation, Plaintiff has not exhausted his administrative remedies and may not pursue this lawsuit based on a violation of the new regulation.

**G.    Conclusion**

The court finds that Plaintiff's first amended complaint fails to state a claim for which relief may be granted.  Contrary to Plaintiff's assertions, there is no evidence that Plaintiff has been precluded from growing a long beard. Plaintiff merely speculates that Defendants will violate his right to practice his religion, which is an allegation that is not before the court as it was not part of his initial administrative appeal. Additionally, Plaintiff's claims under RLUIPA are dismissed. Plaintiff has not provided any authority to convince this court individual capacity liability exists under RLUIPA or that monetary damages are available under RLUIPA.

Accordingly, **IT IS ORDERED** that Defendant D. Foston and D. Van

ORDER DISMISSING FIRST AMENDED COMPLAINT - 7

1 Leer's Motion to Dismiss, **ECF No. 3,** filed on July 8, 2013, is

2 **GRANTED.**   Plaintiff's first amended complaint is **DISMISSED with**

3 **prejudice as against all Defendants,** based on the Joinder of Defendant

4 Cate (ECF No. 40).

5     **IT IS SO ORDERED.**   The District Court Executive is directed to

6 enter this Order, forward a copy to Plaintiff at his last known

7 address, enter judgment, and close the file.

8     **DATED** this___19th___day of August, 2013.

9

10                                 *s/Lonny R. Suko*

11                              LONNY R. SUKO

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 ORDER DISMISSING FIRST AMENDED COMPLAINT - 8